**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0017, <u>Vi B. McNeill v. Nancy W. Barrett, Trustee of the Nancy W. Barrett Revocable Trust</u>, the court on July 7, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The intervenor, Nancy W. Barrett, as successor trustee of the Benning Family Trust (easement holder), appeals an order of the Superior Court (<u>Fauver</u>, J.) granting a motion by the petitioner, Vi B. McNeill (owner), to enforce a partial settlement stipulation and order (stipulation). She contends that the trial court erred by: (1) not finding that she retained her common law rights to "maintain and improve the easement to the extent necessary" to make it reasonably useable for its intended purpose; (2) denying her request to add such language to the easement deed; (3) compelling her to accept an easement deed that her counsel did not accept; and (4) leaving her with an easement that is not reasonably useable for its intended purpose.

We review a trial court's interpretation of a settlement agreement creating an easement <u>de</u> <u>novo</u>, <u>Crowley v. Town of Loudon</u>, 162 N.H. 768, 771 (2011), mindful of the strong public policy favoring the settlement of civil matters, <u>Hogan Family Enters. v. Town of Rye</u>, 157 N.H. 453, 456 (2008). When interpreting an agreement, we give the language used by the parties its reasonable meaning, considering the circumstances and the context in which the agreement was negotiated, reading the document as a whole, <u>Crowley</u>, 162 N.H. at 771, and recognizing that the law may imply supplemental rights in an easement deed, <u>Village Green Condo. Ass'n v. Hodges</u>, 167 N.H. 497, 500 (2015). We base our interpretation upon the trial court's findings of fact to which we will defer if they are supported by the evidence and not legally erroneous, <u>Crowley</u>, 162 N.H. at 771-72, particularly when they are aided by the trial court's view of the property, <u>Flanagan v. Prudhomme</u>, 138 N.H. 561, 574 (1994).

The easement holder argues that the trial court erred in compelling her to accept a deed that did not explicitly reserve her common law right to maintain and improve the easement. <u>See</u> <u>Village Green</u>, 167 N.H. at 502 (recognizing general rule that, unless modified by agreement, dominant estate has right to maintain easement). She contends that, after executing the stipulation, she retained "all common law use rights to modify the subject easement in order to render the easement reasonably suitable for its intended purpose" because the stipulation is "silent with respect to . . . [her] loss of common law use rights."

Far from being silent, the stipulation specifies that "[t]he parties retain all of their common law rights as to any future claims as to matters which are not the subject of the pending litigation." In accordance with the familiar doctrine of expressio unius est exclusio alterius ("the mention of one thing excludes another"), the inclusion of this exception evinced the intent to exclude the retention of all other common law rights. Cf. Village Green, 167 N.H. at 504 (stating lack of language in easement deed regarding obligation to maintain easement did not evince parties' intent to relieve dominant estate from common law duty to maintain easement).

The easement holder argues that this provision is inapposite because "[n]o part of the litigation sought to limit [her] common law use rights in the easement." However, the stipulation provides that it "fully resolves the dispute between the parties over the precise location and scope of" the easement. The reference to the "scope" of the easement necessarily indicates that the easement holder's implied rights related to the use of the easement were at issue in the litigation.

Furthermore, the stipulation requires the owner to "cause all vegetation to be removed from the . . . easement . . . . to ground level" and "maintain [the] easement clear of vegetation that would impede or obstruct the use of the easement." This provision is inconsistent with the common law right of the dominant estate holder to maintain an easement. See id. at 502 (stating that, unless terms of servitude provide otherwise, dominant estate has duty to maintain easement). We note that the stipulation is silent as to any improvements to the easement.

To the extent that the easement holder relies upon Village Green, that case is inapposite. In that case, the issue was whether an express provision that the dominant estate had the right to maintain the easement negated its common law duty to do so, and our holding relied upon the absence of "a contrary agreement in the deed regarding the obligation to maintain and repair the easement." Village Green, 167 N.H. at 504. In contrast, in the case before us, the parties agreed to limit their common law rights and obligations. Indeed, the stipulation requires the owner to "cause all vegetation to be removed from the . . . easement . . . . to ground level" and to "maintain [the] easement clear of vegetation that would impede or obstruct the use of the easement." This provision contradicts the common law obligation of the dominant estate to maintain an easement. See id. at 502.

To the extent that the easement holder argues that she took "by implication whatever rights are reasonably necessary to enable [her] to enjoy the easement . . . including the right to make improvements that are reasonably necessary to enjoy the easement," Arcidi v. Town of Rye, 150 N.H. 694, 701 (2004), such implication can be limited by the terms of an agreement. See Village Green, 167 N.H. at 501, 502 (quoting 28A C.J.S. Easements § 226, at 444 (2008) and Restatement (Third) of Property: Servitudes § 4.13, at 631–32 (2000)). To the

2

extent that the easement holder argues that she did not intend to relinquish her common law rights, we determine the intent of parties to an agreement based upon objective standards, rather than on their subjective, un-manifested states of mind. C & M Realty Trust v. Wiedenkeller, 133 N.H. 470, 476 (1990).

The easement holder argues that, pursuant to the stipulation, she was entitled to an easement deed that was "acceptable" to her counsel, but that the proffered deed, which did not explicitly provide her with the rights to "maintain and improve the easement," was not. Given that the proffered easement deed reflected the stipulation's provisions, the fact that the easement holder's attorney withheld approval is irrelevant.

The easement holder contends that the language that she sought to add to the easement deed did not alter the stipulation because "[t]he requested deed language was not contrary to or inconsistent with anything in the parties' agreement, which does not take away [her] common law rights." On the contrary, we conclude that the stipulation supplants the easement holder's common law rights.

To the extent that the easement holder contends that the owner's removal of vegetation, alone, results in an easement that is "unsuitable for its intended purpose of transporting a small boat to Little Bay," we note the limited nature of the issue before the trial court. The trial court was asked to enforce a settlement stipulation and to compel the easement holder to accept a deed offered in accordance with that stipulation. It was not asked to determine whether further improvements are reasonably necessary to make the easement useable for its intended purpose. On that question, we express no opinion.

We emphasize, however, that "[a] dominant estate holder is entitled to the reasonable use of an appurtenant easement," Arcidi, 150 N.H. at 700, and to whatever improvements may reasonably be necessary to enable the dominant estate holder to enjoy the easement beneficially, see id. at 701. Nothing in the stipulation deprives the easement holder of her right to reasonably use the easement in accordance with its intended purpose. See Thiem v. Thomas, 119 N.H. 598, 604 (1979) (declining to construe contract in manner that leads to harsh and unreasonable results or places one party at the mercy of the other). We express no opinion as to which party may be responsible under the terms of the stipulation to make improvements if, in fact, the easement is not reasonably useable for its intended purpose. See Arcidi, 150 N.H. at 700, 701.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

3